UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES L. PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Cause No. 1:24-CV-393-HAB |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff sued Assistant United States Attorney Madison Lo Dolce ("Lo Dolce"), claiming that the United States Department of Veterans Affairs failed to pay his medical bills. (ECF No. 2). Lo Dolce removed the suit to this Court. (ECF No. 1). The United States was then substituted by operation of law under 28 U.S.C. § 2679 after the Attorney General certified that Lo Dolce was acting in the course and scope of his employment at the time she took the actions complained of by Plaintiff. (ECF No. 3).

Now before the Court is Defendant's motion to dismiss. (ECF No. 4). Defendant argues that this case must be dismissed because Plaintiff failed to exhaust his administrative remedies. Plaintiff has not responded, so the motion is ripe for ruling.

**I.      Factual Allegations**

Because Plaintiff used a small claims form to file this case, the allegations are sparse. Plaintiff alleges, in total, that "VA does not pay me what they owe me. they send me a bill for my medicine and I am 100% disabled on insurance." (ECF No. 2 at 1) (all sic). He claims that he is owed $7,000.00 plus court costs. (*Id*).

## II.     Legal Analysis

### A.     *Motion to Dismiss Standard*

Defendant has moved to dismiss this case under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint[1] and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Plaintiff proceeds pro se, the Court must follow the well-settled law of this Circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers. Rather, pro se complaints are to be liberally construed. *See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987).

### B.     *Plaintiff has Failed to Exhaust Administrative Remedies*

Under the Federal Tort Claims Act, a plaintiff may bring a claim against the United States only after exhausting administrative remedies. 28 U.S.C. §§ 2401(b), 2675. To exhaust

---

[1] Defendant has included the Declaration of Elijah F. Jenkins (ECF No. 5-1) in support of its motion. Although the declaration is outside Plaintiff's complaint, it nonetheless can be considered by the Court without transforming Defendant's motion to one under Fed. R. Civ. P. 56. *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012); *Adkins v. VIM Recycling, Inc*., 644 F.3d 483, 492-93 (7th Cir. 2011); *Phillips v. United States*, No. 1:23-cv-0401-HAB-SLC, 2024 WL 639362, at *1, *2 n.2-3 (N.D. Ind. Feb. 13, 2024) (Brady, J.) (citations omitted) (taking judicial notice of a declaration that no administrative tort claim was submitted to the appropriate federal agency, and a United States' Attorney's scope certification, as public records regarding which "the accuracy of those documents cannot reasonably be questioned"); *Daugherty Speedway, Inc. v. Freeland*, 520 F. Supp. 3d. 1070, 1075 (N.D. Ind. 2021).

administrative remedies, the plaintiff must "have first presented the claim to the appropriate Federal agency," *id*. § 2675, so that the agency has an opportunity to meaningfully consider and address the claim before suit, *see Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997); *Mader v. United States*, 654 F.3d 794, 801 (8th Cir. 2011) (en banc) (explaining that the agency must have "a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit"). A claim has been presented to a federal agency once the plaintiff submits "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); *see also Kanar*, 118 F.3d at 528. The Seventh Circuit has held that this presentment requirement has four elements: (1) notification of the incident; (2) demand for a sum certain; (3) title or capacity of the person signing; and (4) evidence of the person's authority to represent the claimant. *Kanar*, 118 F.3d at 528.

The evidence presented by Defendant demonstrates that the United States has no record of an administrative claim being presented for the allegations in Plaintiff's complaint. Plaintiff has not challenged this evidence. There is, then, no dispute that Plaintiff did not file the appropriate form, or anything else, before filing this suit. Plaintiff has failed to exhaust administrative remedies, dooming his claim. *McNeil v. United States*, 508 U.S. 106, 113 (1993). His likely lack of knowledge regarding those remedies does not, and cannot, change the outcome. *See Thompson v. United States*, 2024 WL 836869, at *6-7 (S.D. Ill. Feb. 28, 2024) (collecting cases).

### III. Conclusion

For these reasons, Plaintiff's claim is DISMISSED.

SO ORDERED on November 7, 2024.

                                                s/ *Holly A. Brady*
                                                CHIEF JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT JUDGE